IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Andres Leroy Glenn, ) | C/A No.: 3:13-2041-CMC-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| Watcy Wyacie, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Andres Leroy Glenn, proceeding pro se, alleges that Watcy Wyacie ("Defendant") stole from him. [Entry #1 at 1]. Pursuant to the provisions of 28 U.S.C. §636(b), and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the complaint without prejudice and without issuance and service of process.

I.     Factual and Procedural Background

Plaintiff is a patient at a private detention healthcare facility in Columbia, South Carolina, identified as GEO Hospital.[1] [Entry #1 at 1–2]. It is unclear from the complaint why Plaintiff is detained. Plaintiff identifies Defendant as a "CTA Helper" at GEO Hospital who "stole $48.15 of money from [Plaintiff's] pocket" during a fresh air break. *Id.* at 1. Plaintiff failed to sign the complaint, provide a statement of claim against Defendant, or seek any relief. Plaintiff also failed to submit any service documents for

---

[1] *See* http://www.geocarellc.com/Locations/ColumbiaRegionalCareCenter.aspx (last visited August 28, 2013).

Defendant and submitted blank, unsigned financial documents including an Application to Proceed without Prepayment of Fees and Affidavit (Form AO240) and Financial Certificate. [Entry #2].

On July 30, 2013, the court issued an order providing Plaintiff an opportunity to bring this case into proper form for initial review and possible service of process. [Entry #7]. The order directed Plaintiff to sign and fully complete the complaint and financial documents originally submitted. *Id.* The order further directed Plaintiff to submit the service documents needed to advance this case. *Id.* The Clerk of Court mailed the order to Plaintiff on July 30, 2013, and set the deadline for compliance as August 23, 2013. *Id.* Plaintiff failed to respond to the order.

II.     Discussion

    A.     Standard of Review

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim

currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.  Analysis

The rules of procedure and case law provide minimum standards for a case to commenced and be maintained. Fed. R. Civ. P. 11 requires that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Further, Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although the court must liberally construe a pro se complaint, the Unites States Supreme Court has made clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677−78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Iqbal,* 556 U.S. at 678−79; *Twombly*, 550 U.S. at 570. In the present case, Plaintiff failed to comply with an order directing him to sign his pleadings, provide a statement of his claim, and provide other information necessary to accomplish review and possible service of process on Defendant.

It is well established that a district court has authority to dismiss a case for failure to prosecute. "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S.

3

626, 630–31 (1962). As well as inherent authority, this court may sua sponte dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b). *Id.* at 630. This case should be dismissed pursuant to Fed. R. Civ. P. 41(b), which allows for dismissal based on failure of the plaintiff "to prosecute or to comply with these rules or a court order." Because the case is recommended for summary dismissal prior to service of process, it is also recommended that the case be dismissed without prejudice.

III.   Conclusion and Recommendation

For the foregoing reasons, it is recommended that the complaint be dismissed without prejudice and without issuance and service of process. It is further recommended that Plaintiff's motion to proceed in forma pauperis [Entry #2] be denied because he failed to supply the information necessary to analyze such a motion.

IT IS SO RECOMMENDED.

August 29, 2013                                          Shiva V. Hodges
Columbia, South Carolina                        United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).